***********
Upon review of all of the competent evidence of record with references to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission AFFIRMS with some modifications the Decision and Order of the Deputy Commissioner.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff alleges in his Tort Claim Affidavit that he was negligently injured by Durham County Assistant District Attorney James Dornfried, Durham County Assistant Public Defender Phyllis *Page 2 
Tranchese, two "John Doe" judges, attorney Fred Battaglia, probation officer Michael Maxey, Judge J.B. Allen, Durham County court reporter Lizzie Cofer, Assistant Attorney General John F. Maddrey, and Judges McGee, Greene and Thomas of the North Carolina Court of Appeals. Plaintiff alleges that on November 2, 1999 at the Durham County Judicial Building, the above named defendants violated their duty to protect his liberty and provide due process by his unlawful arrest, detention, prosecution, bond and imprisonment as a habitual felon.
2. Defendant moved to dismiss plaintiff's claim pursuant Rules 12(b)(1) and (6) of the North Carolina Rules of Civil Procedure on the grounds that plaintiff has failed to allege specific acts or omissions of negligence on the part of a State employee or agent; that plaintiff's claim is barred due to lack of subject matter jurisdiction, and that plaintiff's claim is frivolous.
3. Based upon the face of plaintiff's pleading, plaintiff has not alleged claims for which relief can be granted by the Commission and plaintiff's claim is barred for lack of subject matter jurisdiction.
 ***********
Based upon the foregoing findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291, et seq. requires that plaintiff demonstrate negligence of an officer, employee, involuntary servant or agent of the State of North Carolina by the greater weight of the evidence.
2. Plaintiff has failed to prove by the greater weight of the evidence that any officer, employee, involuntary servant or agent of the North Carolina Department of Correction was negligent in any manner. *Page 3 
3. Plaintiff is not entitled to any recovery from defendant. N.C. Gen. Stat. § 143-291, et. seq.
 ***********
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This 31st day of August, 2007.
S/__________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/__________________________ BUCK LATTIMORE CHAIRMAN
 S/__________________________ DIANNE C. SELLERS COMMISSIONER *Page 1